<table>
<tr><td colspan="3">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL XI</td></tr>
<tr>
<td>MARÍA DE LOS ÁNGELES MALDONADO NIEVES<br><br>Apelante<br><br>v.<br><br>NELSON FRÁNQUIZ MELÉNDEZ<br><br>Apelado</td>
<td>KLAN202500451</td>
<td>APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV07523 (905)<br><br>Sobre: Incumplimiento de Contrato; Daños y Perjuicios</td>
</tr>
</table>

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de agosto de 2025.

Comparece María de Los Ángeles Maldonado Nieves ("señora Maldonado Nieves" o "la Apelante") y solicita la revocación de la *Sentencia* emitida el 24 de abril de 2025, por el Tribunal de Primera Instancia, Sala de San Juan ("foro *a quo*" o "foro primario"), notificada el 25 de abril de 2025. Mediante la referida *Sentencia,* el foro primario desestimó con perjuicio la *Primera Demanda Enmendada* por incumplimiento de contrato, presentada por la Apelante en contra del señor Nelson Fránquiz Meléndez ("señor Fránquiz Meléndez" o "el Apelado") y concluyó que el término del contrato de opción de compraventa venció previo a la señora Maldonado Nieves ejercer su derecho a comprar.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

## I.

El 20 de agosto de 2024, la señora Maldonado Nieves presentó *Demanda* sobre incumplimiento de contrato y daños en contra del

señor Fránquiz Meléndez, en el que alegó que las partes suscribieron un contrato de compraventa que el Apelado se negó a cumplir.[1] Por su parte, el Apelado contestó la *Demanda* el 20 de septiembre de 2024.[2]

Posteriormente, el 19 de diciembre de 2024, la Apelante presentó *Primera Demanda Enmendada*.[3] En síntesis, la señora Maldonado Nieves  alegó que el señor Fránquiz Meléndez es dueño en pleno dominio de un inmueble ubicado en la Calle Fordham Núm. 266 en University Gardens, en San Juan, que consiste de dos propiedades, ("la Propiedad") una en el primer piso, y la otra en la segunda planta.   Que tras negociaciones para comprar dicho inmueble el 13 de octubre de 2023, las partes firmaron un contrato en el que pactaron la suma de $314,000.00 como precio de compraventa y establecieron que el 1 de marzo de 2024 sería la fecha en que el Apelado le daría la posesión de la propiedad. Sin embargo, tras comunicarse con el señor Fránquiz Meléndez en mayo de 2024 éste le indicó que no le vendería la propiedad y que el contrato había vencido. De igual forma, la Apelante alegó haber entregado al Apelado una suma por concepto de depósito.

En respuesta, el 20 de enero de 2025, el Apelado presentó *Contestación a la Demanda* en la que negó que el contrato suscrito por las partes fuera uno de compraventa y alegó que se trataba de un contrato de opción de compraventa vencido el 1 de marzo de 2024, sin que la señora Maldonado Nieves hubiese ejercido su derecho a comprar antes de esa fecha.[4]

Tras varios incidentes procesales, el 14 de febrero de 2025, la señora Maldonado Nieves presentó *de Moción Sentencia Sumaria Parcial* en la que solicitó al foro primario que ordenara el

---

[1] *Véase* Apéndice de la *Apelación,* pág. 1-14.
[2] *Íd.,* págs. 15-22.
[3] *Íd.,* págs. 40-54. Entrada Núm. 11 de SUMAC TPI en el Caso Núm. SJ2024CV07523.
[4] *Íd.,* págs. 55-64.  Entrada Núm. 17 de SUMAC TPI.

cumplimiento específico del contrato de compraventa.[5] Entre otros hechos, la Apelante estableció como hecho material incontrovertido en dicha *Moción Sentencia Sumaria Parcial,* que conforme al contrato suscrito por las partes se le daría posesión de la propiedad a la compradora no más tardar del 1 de marzo de 2024.[6] De igual forma, la señora Maldonado Nieves estableció como hecho incontrovertido que se comunicó con el Apelado durante el mes de mayo de 2024, para expresarle su intención de iniciar los trámites de la compraventa del inmueble; que inicialmente no obtuvo respuesta, pero que más adelante el señor Fránquiz Meléndez le manifestó que el contrato no era válido, pues había vencido y que el no tenía intención de vender.[7]

Por su parte, el 6 de marzo de 2025, el señor Fránquiz Meléndez presentó *Réplica a Sentencia Sumaria Parcial.*[8] Allí expuso que el contrato suscrito por las partes, como cuestión de derecho, es un contrato de opción con condición suspensiva y no un contrato de compraventa, por lo que el término concedido para efectuar la compraventa había vencido, toda vez que el 1 de marzo de 2024 debía entregarse la propiedad a la Apelante sujeto a la compra y pago. Conforme a dicho razonamiento, **el Apelado solicitó al foro primario la desestimación con perjuicio de la Demanda por haber vencido el término concedido en el contrato de opción, previo a que la señora Maldonado Nieves decidiera ejercer su derecho a comprar.** Como único hecho en controversia el Apelado estableció la alegación de la Apelante de que esta le había informado en diciembre de 2023 que había sido diagnosticada con una

---

[5] *Íd.,* págs. 88-111. Entrada Núm. 32 de SUMAC TPI en el Caso Núm. SJ2024CV07523.
[6] *Íd.,* pág. 91.
[7] *Íd.,* pág. 92.
[8] *Íd.,* págs. 159-185. Entrada Núm. 45 de SUMAC TPI en el Caso Núm. SJ2024CV07523.

enfermedad catastrófica y que ya había vendido su propiedad el 6 de diciembre de 2023.[9]

El 13 de marzo de 2025, la señora Maldonado Nieves presentó *Réplica a Oposición Inoficiosa del Demandado a la Moción de Sentencia Sumaria Parcial de la Parte Demandante* en la que argumentó que toda vez que el Apelado incumplió en su oposición con los requisitos establecidos en la Regla 36.3 de Procedimiento Civil 32 LPRA Ap. V. R. 36.3, procedía que el foro primario acogiera sus hechos incontrovertidos y que como cuestión de derecho concluyera que no se pactó un contrato de opción sino uno de compraventa.[10]

Tras varios incidentes procesales, mediante *Sentencia* emitida el 24 de abril de 2025, notificada al día siguiente, el foro primario acogió la solicitud de desestimación presentada por el Apelado en su *Réplica a Sentencia Sumaria Parcial* y conforme a la normativa jurisprudencial establecida en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019), las Reglas 10.2 y 42.2 de Procedimiento Civil, 32 LPRA Ap. V. R.10.2 y la R. 42.2, desestimó con perjuicio la *Primera Demanda Enmendada* presentada por la Apelante, sin necesidad de especificar todas las determinaciones de hechos que motivaron la determinación.[11] En la Sentencia el foro primario determinó que las partes pactaron que se le daría posesión de la propiedad a la compradora no más tarde el 1 de marzo de 2024; que es además, un hecho incontrovertido que el 22 de mayo de 2024 la Apelante cursó un correo electrónico al Apelado para iniciar los trámites de la compraventa, cuando el término para el ejercicio de la opción había vencido el 1 de marzo de 2024 y que las partes habían pactado que completarían la compraventa luego de que la Apelante vendiera

---

[9] *Íd.,* pág. 160.
[10] *Íd.,* págs. 186-202. Entrada Núm. 47 de SUMAC TPI.
[11] *Íd.,* págs. 246-249.

su propiedad, hecho que ocurrió el 6 de diciembre de 2023.[12] Así las cosas, concluyó el foro *a quo* que como cuestión de derecho las partes suscribieron un contrato de opción de compraventa cuyo plazo para el ejercicio de la opción había vencido para la fecha en que la señora Maldonado Nieves manifestó su intención de tramitar la compraventa, por lo que desestimó con perjuicio la Primera Demanda Enmendada presentada por la Apelante.

Inconforme, la señora Maldonado Nieves comparece ante nos mediante el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

A. Erró el Tribunal de Primera Instancia al desestimar la Demanda con perjuicio y acoger una inexistente Solicitud de Desestimación del apelado que nunca fue presentada por éste, no obra o figura en el expediente judicial y/o debió tenerse por no puesta bajo la Regla 36.

B. Erró el Tribunal de Primera Instancia al no dictar la sentencia sumaria parcial solicitada por la apelante y no atenerse, ajustarse, ni actuar en su consideración conforme exige la Regla 36 de Procedimiento Civil y/o su jurisprudencia interpretativa.

C. Erró el Tribunal de Primera Instancia al emitir una sentencia donde concluye, contrario al derecho, a los principios de hermenéutica y a los términos libre y voluntariamente pactados por las partes, que el contrato suscrito entre la Apelante y él es uno de opción a compra y no uno de compraventa, como fue su manifiesta voluntad e intención.

D. Erró el Tribunal de Primera Instancia al relevar al Apelado de cumplir con un contrato de compraventa válido, en clara contravención y desafío del principio rector de nuestro ordenamiento civil contractual que la autonomía de la voluntad y/o que el contrato es ley entre las partes.

Por su parte, el 27 de junio de 2025, el señor Fránquiz Meléndez presentó *Alegato del Demandado-Apelado*. En esencia, el Apelado sostiene que como cuestión de derecho no incidió el foro primario al desestimar con perjuicio la reclamación de la Apelante al concluir que conforme a los hechos incontrovertidos, el contrato suscrito por las partes es uno de opción y no de compraventa y que la señora Maldonado Nieves manifestó su interés en tramitar la

---

[12] *Véase* Escritura Núm. 42 de 6 de diciembre de 2023, conjuntamente con la Entrada Núm. 45 de SUMAC TPI.

compraventa fuera del plazo estipulado en el contrato para la entrega de la propiedad.

## II.

### A. *Desestimación al amparo de la Regla 10.2 de Procedimiento Civil*

En nuestro esquema procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la acción legal antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmob. Baleares et al. v. Benabe et al.* 214 DPR ___ (2024) 2024 TSPR 112, pág. 18-19 citando a *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio**;** y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

En lo pertinente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra,* permite la desestimación de una demanda bajo el fundamento de que no expone una reclamación que justifique la concesión de un remedio. En este contexto, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente y, a su vez, considerarlos de la forma más favorables a la parte demandante. *BPPR v. Cable Media,* 215 DPR___ (2025) 2025 TSPR 1, pág. 11.

No obstante, para que prevalezca una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* esta "debe establecer con toda certeza que la parte

demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor". *Díaz Vázquez et al. v. colón Peña et al* 214 DPR___ (2025) 2024 TSPR 113, pág. 16. Tampoco procede la desestimación si el remedio no procede bajo ningún supuesto de derecho ni pueda ser enmendada para subsanar cualquier deficiencia. *Íd.*

Por otra parte, el tribunal debe examinar si "a la luz de la situación más favorable al demandante, y resolviendo toda duda a su favor, la demanda es suficiente para constituir una reclamación válida". *BPPR v. Cable Media., supra*, pág. 12.

### B. Sentencia Sumaria

La sentencia sumaria es el mecanismo procesal cuyo propósito principal es facilitar la solución justa, rápida y económica de los litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio a fondo. *Soto y otros v. Sky Caterers,* 215 DPR___ (2025), 2025 TSPR 3, pág. 10; Véase, además, *BPPR v. Cable Media,* 215 DPR___ (2025) 2025 TSPR 1. La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, permite que, en un litigio, cualquiera de las partes le solicite al tribunal que se dicte sentencia sumaria a su favor, ya sea sobre la totalidad o cualquier parte de la reclamación solicitada. Reglas 36.1 y 36.2 de Procedimiento Civil, *supra.* No obstante, para que una sentencia sumaria proceda, es necesario que de los documentos que la acompañan, surja de manera preponderante la inexistencia de controversia sobre los hechos medulares del caso. *Soto y otros v. Sky Caterers*, supra.

Para poder demostrar eficientemente la falta de controversia sobre hechos esenciales, el promovente de la sentencia sumaria debe: (1) exponer las alegaciones de las partes; y (2) desglosar en párrafos debidamente enumerados los hechos sobre los cuáles, a su

entender, no hay controversia. Regla 36.3 de Procedimiento Civil, *supra,* R. 36.3.

En *Meléndez González et al. V. M. Cuebas*, 193 DPR 100 (2015), el Tribunal Supremo estableció "el estándar específico" que debe utilizar este Foro al "revisar denegatorias o concesiones de Mociones de Sentencia Sumaria". A esos efectos, el Tribunal dispuso que:

> el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018).

Es decir, planteada una revisión de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición que el Tribunal de Primera Instancia para resolver, por lo que debe evaluar las mociones presentadas en el foro primario y cumplir con los requisitos dispuestos en la Regla 36 de Procedimiento Civil, *supra,* al emitir su dictamen. *Meléndez González et al. v. M. Cuebas, supra.* "[L]a revisión del foro apelativo conlleva examinar *de novo* el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el tribunal de instancia y realizando todas las inferencias permisibles a su favor". *Birriel Colón v. Econo y otros*, 213 DPR 80, 91-92 (2023) citando a *Meléndez González et al. v. M. Cuebas, supra.*

En tal sentido, como parte de nuestra función revisora, es nuestro deber evaluar todos los documentos que obren en el expediente de manera tal que, previo a determinar la procedencia de una solicitud de sentencia sumaria, se deba realizar un balance

adecuado entre el derecho de todo litigante a tener su día en corte y la disposición justa, rápida y económica de los litigios civiles. *BPPR v. Cable Media,* supra, pág. 9 (citas omitidas). Cónsono con lo anterior, en el ejercicio de nuestra función revisora, estamos limitados a: (1) considerar los documentos que se presentaron ante el foro primario; (2) determinar si existe o no controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 994 (2024).

Por otra parte, nuestra más Alta Curia ha definido el concepto hecho material de la siguiente forma: un hecho material o esencial es "aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Consejo de Consejo Tit. v. Rocca Dev. Corp., et als.,* supra, 215 DPR___ (2025) 2025 TSPR 6, pág. 15. Por ende, la parte promovente tiene el deber de exponer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Soto y otros v. Sky Caterers,* supra, pág. 11.

Por su parte, la Regla 36.4 de Procedimiento Civil, *supra*, dispone que si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. De la misma forma, el tribunal deberá establecer hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando así que los procedimientos ulteriores sean justos en el pleito. *Íd.* A tono con lo anterior, la precitada regla establece que, al celebrarse el juicio, se

considerarán probados los hechos así especificados y se procederá de conformidad. *Íd.*

### C. La Regla 42.2 de Procedimiento Civil

Como norma general, nuestro ordenamiento procesal civil requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. *Pérez Vargas v. Office Depot,* 203 DPR 687, 700 (2019). A esos efectos, la Regla 42.2 de Procedimiento Civil, *supra,* establece lo siguiente:

> En todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. Al conceder o denegar *injunction* interlocutorios, el tribunal, de igual modo, consignará las determinaciones de hechos y conclusiones de derecho que constituyan los fundamentos de su resolución. Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. Las determinaciones de hechos de un comisionado especial, en tanto y en cuanto el tribunal las adopte, se considerarán como determinaciones de hechos del tribunal. **No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho: (a) al resolver mociones bajo las Reglas 10 ó 36.1 y 36.2**, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2; Reglas de Procedimiento Civil de Puerto Rico 69 (b) en casos de rebeldía; (c) cuando las partes así lo estipulen, o (d) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia. En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4. (Énfasis nuestro).

Al evaluar los requisitos de forma establecidos en la aludida Regla 42.2 de Procedimiento Civil, *supra,* el tratadista Rafael Hernández Colón sostiene que las determinaciones de hechos probados que de ordinario se consignan en una sentencia "no son más que el resultado del proceso adjudicativo al que se adentra un tribunal luego de celebrado el juicio en su fondo". *Pérez Vargas v. Office Depot, supra,* citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 5ta ed., San Juan, Ed. Lexis Nexis, 2010, pág. 375. Este proceso, a su vez, consiste en "dirimir los conflictos que pueda haber, determinar la credibilidad de los

testigos, determinar qué documentos se tendrán por auténticos, y determinar qué hechos se tendrán por probados". Hernández Colón, *op cit.,* pág. 375. Es por ello que, la Regla 42.2 de Procedimiento Civil, *supra,* releva a los tribunales de consignar sus determinaciones de hechos al momento de disponer de una controversia por la vía sumaria. "La referencia a la Regla 36.4 contenida en la Regla 42.2 —conforme al texto claro de ésta— únicamente se activa cuando la solicitud de sentencia sumaria es denegada total o parcialmente y no cuando es concedida en su totalidad." *Pérez Vargas v. Office Depot, supra*, pág. 703.

Cónsono con lo anterior en *Pérez Vargas v. Office Depot, supra,* 702 el Tribunal Supremo expresó lo siguiente

> En *Roldán* v. *Lutrón, S.M., Inc.*, 151 DPR 883 (2000), este Tribunal tuvo ante su consideración una controversia relacionada con la anterior Regla 43.2, equivalente a la actual Regla 42.2. **Allí**, **en lo pertinente**, **el Tribunal de Apelaciones revocó un dictamen desestimatorio del foro primario emitido al amparo de la entonces vigente Regla 10.2 de Procedimiento Civil**. **Ello**, **bajo el fundamento de que el Tribunal de Primera Instancia no hizo constar en su sentencia las determinaciones de hechos**. **Al evaluar esa controversia**, **este Tribunal concluyó**, **entre otras cosas**, **que el tenor de la Regla 43.2 era claro y que**, **conforme a éste**, **el tribunal de instancia no estaba obligado a exponer en su sentencia las determinaciones de hechos en que sustentó su decisión** (Citas omitidas y énfasis suplido).

### D. La Opción de Compra.

El contrato de opción de compra no estaba regulado de forma explícita por el Código Civil de 1930, con anterioridad al Código actual, pero el Tribunal Supremo de Puerto Rico si había reconocido su validez. Se trata de un negocio consensual preparatorio, mediante el cual una parte le concede a otra parte, por tiempo fijo y en determinadas condiciones, la facultad de decidir respecto a la celebración de otro contrato principal. *P.D.C.M. Assoc. v. Najul Báez,* 174 DPR 716, 724 (2008).

Conforme al Artículo 1029 del Código Civil vigente, la opción de compra es el derecho que faculta a su titular para que decida

durante un plazo determinado, mediante la manifestación de su aceptación, el perfeccionamiento del contrato de compraventa que ha sido ya acordado en todos sus aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido el concedente durante el plazo prefijado. 31 LPRA sec. 8821. Dispone el Artículo 1030 del Código Civil, que el título de constitución debe contener, como mínimo, los siguientes requisitos: (a) el plazo de duración del derecho y, si procede, el plazo para su ejercicio; (b) en su caso, la voluntad del constituyente o de los constituyentes de configurar el derecho con carácter real; (c) el precio o contraprestación para la adquisición del bien o los criterios para su fijación, cuando se trate de un derecho de opción a una adquisición onerosa, indicando el precio estipulado para su adquisición. Cuando se prevean cláusulas de estabilización, deben contener criterios objetivos y el precio debe poder fijarse con una simple operación aritmética; y (d) la prima pactada para su constitución, cuando el derecho se constituye a título oneroso, indicando el precio convenido. Los contratos de opción de compra se pueden inscribir cuando cumplan con los requisitos anteriores y consten en escritura pública. 31 LPRA sec. 8822.

En lo pertinente, el Artículo 1032 del Código Civil dispone además, que el ejercicio del derecho de opción a la adquisición onerosa requiere el pago previo o simultáneo del precio fijado, determinado según los criterios establecidos, o el que resulta de la aplicación de las cláusulas de estabilización, si se han previsto. 31 LPRA sec. 8824.

Un aspecto neurálgico de dicho contrato es que la opción tiene que ejercitarse **dentro de un plazo definido**. *Atocha Thom McAn, Inc. v. Registrador*, 123 DPR 571, 583 (1989). Si se renuncia dicho derecho de opción o no se ejercita durante el término concedido, queda extinguido el derecho. *Mayagüez Hilton Corp. v. Betancourt,*

156 DPR 234, 249 (2002). Es importante destacar que el optatario viene obligado a no frustrar la facultad que le asiste al optante mientras el plazo para ejercer el derecho de opción está vigente. *Íd.,* pág. 250.

**III.**

Es la contención principal de la Apelante en sus señalamientos de error que incidió el foro primario al desestimar sumariamente su reclamación fundamentada en que las partes suscribieron un contrato de opción sin que la Apelante manifestara la intención de realizar los trámites para la compraventa dentro del plazo estipulado para la entrega, el cual era el 1 de marzo de 2024.

Al tratarse de un contrato de opción de compraventa, para que la Apelante pudiera ejercer la adquisición onerosa del inmueble, se requería el pago del precio fijado en el término pactado por las partes en dicho contrato para la entrega, hecho que no ocurrió. Cabe señalar que es un hecho incontrovertido en el que ambas partes coinciden, que fue el **22 de mayo de 2024** el día en que la señora Maldonado Nieves cursó el correo electrónico al Apelado para iniciar los trámites de la compraventa. **Ciertamente, ello establece que transcurrió el 1 de marzo de 2024, sin que la Apelante manifestara su intención de adquirir el inmueble o de pagar en o antes de esa fecha pactada para la entrega el precio de compraventa pactado en el contrato**.

Ante la ausencia de alegaciones de la Apelante dirigidas a establecer que tenía la intención de realizar la compraventa entre el 6 de diciembre de 2023 (fecha en que la señora Maldonado Nieves vendió su propiedad) y el 1 de marzo de 2024, fecha pactada por las partes en el contrato de opción para la entrega del inmueble, concluimos que no incidió el foro primario al desestimar la Demanda al amparo de la Regla 10.2 de Procedimiento Civil, toda vez que esta carece de una reclamación que justifique la concesión de un remedio

ya que el plazo para la entrega de la propiedad había expirado. Aún bajo la interpretación más liberal de las alegaciones de la Demanda, la Apelante no expuso una reclamación que justificara la concesión de un remedio.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, **confirmamos** la Sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones